## John Williams *& al.* v. Eli McDonald *& al.*

If a debtor be arrested on an execution, and committed to prison, and while there, cites his creditor to attend to his disclosure at an appointed time and place, and attends at the time and place, and takes the debtor's oath, and after the citation, and before taking the oath, gives the debtor's bond to the creditor, having therein the condition that he will cite the creditor according to law, and submit himself to examination in manner prescribed in the poor debtor acts; the giving of the bond is a waiver of the notice, and the condition is not performed by the proceedings under the notice *given before the bond was made.*

*McDonald*, on *August* 21, 1838, was arrested on an execution in favor of the plaintiffs against him, and committed to jail, and there remained until the twenty-third of *August*, when he was released upon giving a bond with surety, in the common form of poor debtors' bonds, dated on that day. The present suit is on that bond. On the day of the commitment, and before giving the bond, the debtor applied to the jailer, and the jailer to a magistrate, who issued his notice to the creditors, which was duly served the same day, citing them to appear at the prison, on the fifth of *September*, then next, to attend to the disclosure of *McDonald*. On the fifth of *September*, at the time and place appointed in the notice, *McDonald* appeared before two justices of the peace and of the quorum, and was by them examined and discharged, on taking the poor debtor's oath, and a certificate of his discharge was left with the jailer. No notice was given to the creditors after the bond was signed. The condition of the bond is found in the opinion of the Court. If the plaintiffs were entitled to recover, the

defendants were to be defaulted; if otherwise, the plaintiffs were to become nonsuit.

The case was submitted on the briefs of the counsel.

*Codman & Fox*, for the plaintiffs, cited *Harrington* v. *Dennie*, 13 *Mass. R.* 93; *Knight* v. *Norton*, 3 *Shepl.* 337; *Slasson* v. *Brown*, 20 *Pick.* 436.

*Fessenden & Deblois*, for the defendants, cited *Black* v. *Ballard*, 1 *Shepl.* 239; *Cordis* v. *Sager*, 2 *Shepl.* 475; *Agry* v. *Betts*, 3 *Fairf.* 417; *Hayward, Pet.*, 10 *Pick.* 358; *Haskell* v. *Haven*, 3 *Pick.* 404; *Bond* v. *Cutler*, 10 *Mass. R.* 419; *Gage* v. *Gannett*, 11 *Mass. R.* 217; *Manly* v. *U. M. & F. Ins. Co.*, 9 *Mass. R.* 85; *White* v. *Crawford*, 10 *Mass. R.* 183.

The opinion of the Court was drawn up by

EMERY J. — The defendant, *McDonald*, was arrested and committed on execution in favor of the plaintiffs, on the twenty-first of *August*, 1838, notified the jailer of his poverty, and desired him to apply to some justice of the peace, to notify the creditor of his intention of taking the poor debtor's oath, and the jailer, on the same day, applied to a justice to cite the creditors to hear him take the benefit of an act for the relief of poor debtors. They were cited to appear on the fifth day of *September* following. The defendant continued in close jail till the twenty-third day of *August*, 1838, when he gave the bond now in suit, and on the fifth day of *September*, took the oath.

The condition of the bond, after reciting, that " whereas said *Eli McDonald* hath been, and now is, arrested by virtue of the plaintiff's execution," concludes in this way: " Now if the said *Eli McDonald* shall, in six months from the time of executing this bond, cite the said *John Williams & al.*, the creditors, before two justices of the peace and of the quorum, and submit himself to examination, as is prescribed in the tenth section of an act, entitled ' an act for the relief of poor debtors,' passed *March* 24th, A. D. 1835, and take the oath or affirmation, as provided in the seventh section of an act, entitled ' an act supplementary to an act for the relief of poor debtors,' passed *April* 2d, A. D. 1836, or pay the debt, interest, and costs, and fees arising in said execution,

or be delivered in custody of the jailer within said time, then the said obligation to be void, otherwise to remain in full force."

The facts admitted do not disclose a literal, nor indeed a substantial performance of the condition of the bond. If we were to consider the first notice, given before the execution of the bond, effectual after the execution of the bond, it would be going against the direct language of the condition. The giving of the bond assumes a new state of engagements which the debtor has the right to make. He might, notwithstanding the citation, omit to appear to take the oath at the expiration of the time first appointed, if he should elect so to do. And if, after the citation, he proffer to the creditor, before that period, his bond, conditioned that he shall, after its execution, cite the creditor, we know no reason why the creditor should not believe him. The creditors might well suppose that the debtor, for some good reason, intended to take further time, and we think, under the circumstances of this case, it must necessarily be a waiver of the first notice. They could not be bound to attend, and cannot be bound by the doings of the debtor.

According to the agreement of the parties, the defendant must be defaulted, and judgment be rendered in favor of the plaintiffs, for debt, interest, costs and fees.

This does not conflict, as we apprehend, with former decisions, on account of the dissimilarity of facts from any other case which comes to our recollection.